UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ANA SCHAPER, CLAUDIA VEGA, MARJA GALAN, ROMINA BAZAN, and DAYNELIS NOA

    Plaintiffs,

v.

SEDUCTION COSMETIC CENTER CORP., LUIS R. JARDON, GRETEL JARDON, LILIAN ZAYAS, and LUX COSMETIC SURGERY CENTER CORP.,

    Defendants.

# COMPLAINT

Plaintiffs, ANA SCHAPER ("SCHAPER"), CLAUDIA VEGA ("VEGA"), MARJA GALAN ("GALAN"), ROMINA BAZAN ("BAZAN"), and DAYNELIS NOA ("NOA") (all together "Plaintiff(s)"), by and through undersigned counsel, file this Complaint against SEDUCTION COSMETIC CENTER, CORP. ("SEDUCTION"), LUIS R. JARDON, ("LUIS"), GRETEL JARDON ("GRETEL"), and LILIAN ZAYAS ("ZAYAS") (collectively the "SEDUCTION Defendants"), and against LUX COSMETIC SUGERY CENTER CORP. ("LUX"). In support thereof, Plaintiffs state as follows:

## JURISDICTION, AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") to recover unpaid overtime wages,

liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. 1367.

2. Jurisdiction of this Court over this controversy is based upon 29 U.S.C. § 216(b).

3. This Court has authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgement Act ('DJA"), 28 U.S.C. §§ 2201-02.

4. Venue is proper as Plaintiffs worked for Defendants (as more fully detailed below) in Miami-Dade County, Florida, and the actions giving rise to their claims arose in Miami-Dade County, Florida.

## PARTIES

5. Plaintiffs are residents of Miami-Dade County, Florida, and at all times material were covered, non-exempt employees of Defendants for purposes of the FLSA.

6. Defendant SEDUCTION is a Florida for-profit corporation, with its principal place of business in Miami-Dade County, Florida. Defendant SEDUCTION is an "employer" of all Plaintiffs as defined within the FLSA.

7. Defendant LUX is a Florida for-profit corporation, with its principal place of business in Miami-Dade County, Florida. Defendant LUX is an "employer" of NOA as defined within the FLSA.

8. Plaintiffs were, at all times, "engaged in commerce" within the meaning of FLSA as they regularly handled materials transported via interstate commerce, and used electronic means across state lines in order to complete their job.

9. Defendants SEDUCTION and LUX are "engaged in commerce" within the meaning of the FLSA in that both companies operate plastic surgery center, and have gross volume of sales of $500,000 or more with at least two (2) employees engaged in commerce.

10.    Defendant LUIS is, upon information and belief, a resident of Miami-Dade County and is subject to personal jurisdiction therein. LUIS is an "employer" as that term is defined within the FLSA in that he exerted control over the Plaintiffs' terms and conditions of employment. LUIS is a principal of both SEDUCTION and LUX.

11.    Defendant GRETEL is, upon information and belief, a resident of Miami-Dade County and is subject to personal jurisdiction therein. GRETEL is an "employer" as that term is defined within the FLSA in that she exerted control over the Plaintiffs' terms and conditions of their employment.  GRETEL is a principal of both SEDUCTION and LUX.

12.    Defendant ZAYAS is, upon information and belief, a resident of Miami-Dade County and is subject to personal jurisdiction therein. ZAYAS is an "employer" as that term is defined within the FLSA in that she exerted control over the Plaintiffs' terms and conditions of employment.

13.    All conditions precedent for the filing of this action before this Court have been previously met.

## FACTS RELEVANT TO THE SEDUCTION DEFENDANTS

14.    Plaintiffs SCHAPER, VEGA, GALAN, BAZAN, and NOA worked full time for the SEDUCTION Defendants in the following positions and dates:

    (a)    Plaintiff Schaper as Patient Consultant from September 26, 2016 until April 21, 2017; from September 19, 2017 until September 28, 2018; and from June 2, 2019 until September 13, 2019; as Sales Manager from July 12, 2017 until September 18, 2017; and as Surgical Coordinator from September 29, 2018 until June 1, 2019.

    (b)    Plaintiff Vega as Surgery Coordinator from September 5, 2016 until May 31, 2019; and as Patient Consultant from June 1, 2019 until August 29, 2019.

    (c)    Plaintiff Galan as Patient Consultant from May 28, 2018 until September 21, 2019.

  (d)  Plaintiff Bazan as Patient Consultant from January 2017 to May 2018 and again from July 24, 2018 to January 2019; and Social Media Consultant from February 2019 to May 2019.

  (e)  Plaintiff NOA as a Sales Manager from January 2017 through March 2017.

15. While Plaintiffs worked for the SEDUCTION Defendants, SEDUCTION Defendants misclassified Plaintiffs as "independent contractors" until November 2018. However, Plaintiffs were at all times "employees" as the SEDUCTION Defendants had control over their rate of pay, schedule, the manner in which they performed their work, pricing, provided them with uniforms and the necessary materials to do their respective jobs, etc.

16. Starting in November 2018, Plaintiffs SCHAPER, VEGA, GALAN, and BAZAN were classified as "employees" although the terms and conditions of their employment remained the same throughout their tenure with the SEDUCTION Defendants.

17. Plaintiffs worked in excess of 40 hours per week for each week they were employed by the SEDUCTION Defendants. These overtime hours were not recorded, and Plaintiffs were not paid at all for hours worked over 40 in a work week.

18. Plaintiffs received a salary while employed by the SEDUCTION Defendants which was to compensate for 40 hours each work week. This is evidenced by the fact that Plaintiffs' time was always altered to reflect 40 hours worked each week.

19. Any records the SEDUCTION Defendants are inaccurate as LUIS, GRETEL, ZAYAS and/or other managers of SEDUCTION changed Plaintiffs' time entries to always reflect 40 hours worked, regardless of the actual number of hours each worked each week.

20. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned wages and overtime compensation as required by the FLSA. At all times, Plaintiffs should have been compensated one and one-half times their regular hourly rate for all hours worked in excess of 40 in a work week.

21. Typically, Plaintiffs did not have a bona fide meal period, although the SEDUCTION Defendants automatically deducted one hour per work day for each Plaintiff.

22. In addition to the hours spent on property, Plaintiffs worked additional time when away from the office, before arriving at the office, after leaving the office at night and on the weekend, including, but not limited to, when they were using the phone, texting and/or emailing because they were constantly contacted by, and had to respond to the SEDUCTION Defendants concerning work-related demands or otherwise; such time averaged about two (2) hours per week. Plaintiffs were not compensated at all for this time.

23. SCHAPER averaged about 15 hours of overtime each work week.

24. VEGA averaged about 12 hours of overtime each work week.

25. GALAN averaged about 15 hours of overtime each work week.

26. BAZAN averaged about 12 hours of overtime each work week.

27. NOA averaged about 32 hours of overtime each work week while employed by the SEDUCTION Defendants.

28. In addition to payment for overtime, NOA also is entitled to a bonus check of $2,000.00 for the month of March 2017 by the SEDUCTION Defendants.

29. Although Plaintiffs were paid a combination of salary and commissions, the SEDUCTION Defendants did not maintain records of commissions versus salary, and did not maintain accurate records of the hours each employee worked in order to qualify for any exemption to overtime, or to ensure that each was being compensated as the required by the FLSA.

30. The SEDUCTION Defendants knew or should have known that Plaintiffs were not being compensated at the rate of one and a half times the regular rate for those hours that were worked in excess of 40 per week, as required by the FLSA.

CASE NO.

31. The SEDUCTION Defendants knew the amount of time Plaintiffs spent performing work or, with the exercise of reasonable care, could have and should have known of the existence of all of the time worked by Plaintiffs.

32. The SEDUCTION Defendants knowingly and willfully operated their business with a policy of not paying overtime compensation to Plaintiffs, or maintaining accurate records of hours or commissions earned, which is in violation of the FLSA.

33. In fact, the SEDUCTION Defendants knowingly misclassified workers throughout the various companies as "independent contractors," in part, so that the SEDUCTION Defendants could improperly attempt to avoid paying overtime to non-exempt workers who were actually employees entitled to be paid overtime.

34. Upon information and belief, prior to filing this lawsuit, the SEDUCTION Defendants did not consult with an attorney to evaluate whether Plaintiffs' actual job duties and pay structure rendered them exempt from recovering overtime under the FLSA.

35. Upon information and belief, prior to filing this lawsuit, the SEDUCTION Defendants did not consult with the DOL to evaluate whether Plaintiffs' actual job duties and pay structure rendered them exempt from recovering overtime under the FLSA.

36. Upon information and belief, prior to filing this lawsuit, the SEDUCTION Defendants did not consult with an accountant to evaluate whether Plaintiffs' actual job duties and pay structure rendered them exempt from recovering overtime under the FLSA.

37. Based on the above allegations in Paragraphs 34 through 36, the SEDUCTION Defendants are liable to Plaintiffs for liquidated damages as the SEDUCTION Defendants have no objective or subjective good faith belief that their payroll practices complied with the FLSA.

38. The SEDUCTION Defendants have violated Title 29 U.S.C. §206 and/or §207 in that, among other reasons, Plaintiffs were not paid overtime to which they were entitled.

39. Plaintiffs have retained Fowler, White, Burnett, P.A. to represent them and have agreed to pay the Firm reasonable attorneys' and paralegal fees for its services.

## FACTS RELEVANT TO LUX

40. Plaintiff NOA was employed by LUX from March 2018 through April 2019 as a Sales Manager.

41. NOA worked in excess of 40 hours per week. These overtime hours were not recorded, and Plaintiff was not paid at all for hours worked over 40 in a work week.

42. NOA received a salary while employed by LUX which was to compensate for 40 hours each work week. This is evidenced by the fact that NOA's time was always altered to reflect 40 hours worked she week.

43. Any records LUX may have are inaccurate as LUIS, GRETEL, or other managers at LUX changed NOA's clock in and clock out times to always reflect 40 hours worked, regardless of the actual number of hours she worked.

44. LUX knowingly and willfully failed to pay NOA her lawfully earned wages and overtime compensation in conformance with the FLSA. At all times, NOA should have been compensated one and one-half times her regular hourly rate for all hours worked in excess of 40 in a work week.

45. Typically, NOA did not have a bona fide meal period, although LUX automatically deducted one hour per day for each Plaintiff.

46. In addition to the hours spent on property, NOA worked additional time when away from the office, before arriving at the office, after leaving the office at night and on the weekend,

including, but not limited to, when she was using the phone, texting and/or emailing because she was constantly contacted by, and had to respond to LUX concerning work-related demands or otherwise; such time averaged about two (2) hours per week. NOA was not compensated at all for this time.

47. NOA averaged 17 hours of overtime per work week while employed by LUX.

48. Although NOA was paid a combination of salary and commissions, LUX did not maintain records of commissions versus salary, and did not maintain accurate records of the hours NOA worked in order to qualify for any exemption to overtime, or to ensure that NOA was being compensated as the required by the FLSA.

49. LUX knew or should have known that NOA was not being compensated at the rate of one and a half times the regular rate for those hours that were worked in excess of 40 per week, as required by the FLSA.

50. LUX knew the amount of time NOA spent performing work or, with the exercise of reasonable care, could have and should have known of the existence of all of the time worked by NOA.

51. LUX knowingly and willfully operated their business with a policy of not paying overtime compensation to NOA, or maintaining accurate records of hours or commissions earned, which is in violation of the FLSA.

52. Upon information and belief, prior to filing this lawsuit, LUX did not consult with an attorney to evaluate whether NOA's actual job duties and pay structure rendered her exempt from recovering overtime under the FLSA.

53. Upon information and belief, prior to filing this lawsuit, LUX did not consult with the DOL to evaluate whether NOA's actual job duties and pay structure rendered her exempt from recovering overtime under the FLSA.

54. Upon information and belief, prior to filing this lawsuit, LUX did not consult with an accountant to evaluate whether NOA's actual job duties and pay structure rendered her exempt from recovering overtime under the FLSA.

55. Based on the above allegations in Paragraphs 52 through 54, LUX is liable to NOA for liquidated damages as LUX has no objective or subjective good faith belief that her payroll practices complied with the FLSA.

56. LUX has violated Title 29 U.S.C. §206 and/or §207 in that, among other reasons, NOA was not paid overtime to which she was entitled.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 – OVERTIME COMPENSATION
*(as to SEDUCTION Defendants)*

57. Plaintiffs reallege and reaver the Paragraphs 1-39 as if fully set forth herein.

58. During Plaintiffs employment with the SEDUCTION Defendants, each Plaintiff worked in excess of forty (40) per week for which they were not compensated at the statutory rate.

59. Plaintiffs were entitled to be paid at the rate of 1.5 times the regular rate for the hours worked in excess of forty (40) hour per week as provided for in the FLSA.

60. The SEDUCTION Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

61. The SEDUCTION Defendants knew of and/or showed a willful disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiffs at the statutory rate of

1.5 times the regular rate for the hours worked in excess of forty (40) hour per week when it knew or should have known such was due.

62. Plaintiffs have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

63. Plaintiffs are entitled to an award for reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered in their favor against the SEDUCTION Defendants:

(a) Declaring, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

(b) Awarding Plaintiffs overtime compensation in the amount due to them for Plaintiffs' time worked in excess of 40 hours per work week;

(c) Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

(d) Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation, pursuant to 29 U.S.C. § 216(b);

(e) Awarding Plaintiffs pre-judgment interest; and

(f) Ordering any other further relief that this Court deems just and proper.

**COUNT II**
**VIOLATION OF 29 U.S.C. § 207 – OVERTIME COMPENSATION**
*(as to LUX on behalf of NOA only)*

64. NOA realleges and reavers the Paragraphs 1-13 and 40-56 as if fully set forth herein.

65. During NOA's employment with LUX, NOA worked in excess of 40 per week for which they were not compensated at the statutory rate.

66. NOA was entitled to be paid at the rate of 1.5 times the regular rate for the hours worked in excess of 40 hour per week as provided for in the FLSA.

67. LUX failed to pay NOA overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

68. LUX knew of and/or showed a willful disregard for the provisions of the FLSA, as evidenced by its failure to compensate NOA at the statutory rate of 1.5 times the regular rate for the hours worked in excess of 40 hour per week when it knew or should have known such was due.

69. NOA has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

70. NOA is entitled to an award for reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, NOA respectfully request that judgment be entered in their favor against LUX:

> (a) Declaring, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;
>
> (b) Awarding NOA overtime compensation in the amount due to her for Plaintiff's time worked in excess of 40 hours per work week;
>
> (c) Awarding NOA liquidated damages in an amount equal to the overtime award;
>
> (d) Awarding NOA reasonable attorneys' fees and costs and expenses of this litigation, pursuant to 29 U.S.C. § 216(b);
>
> (e) Awarding NOA pre-judgment interest; and
>
> (f) Ordering any other further relief that this Court deems just and proper.

CASE NO.

## COUNT III
## <u>VIOLATION OF 29 U.S.C. § 207 – MINIMUM WAGE</u>
*(as to SEDUCTION Defendants)*

71. Plaintiffs reallege and reaver the Paragraphs 1-39 as if fully set forth herein.

72. During Plaintiffs employment with the SEDUCTION Defendants, each Plaintiff worked "off-the-clock" in that their hours were not recorded and they were not paid at all for hours worked over 40 in a work week.

73. Plaintiffs were entitled to be paid at least their regularly hourly rate for each hour worked for the SEDUCTION Defendants, in violation of the FLSA.

74. The SEDUCTION Defendants failed to pay Plaintiffs minimum wage for all hours worked as provided for in the FLSA.

75. The SEDUCTION Defendants knew of and/or showed a willful disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiffs for all hours worked in a given work week when it knew or should have known such was due.

76. Plaintiffs have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

77. Plaintiffs are entitled to an award for reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered in their favor against the SEDUCTION Defendants:

    (a) Declaring, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    (b) Awarding Plaintiffs overtime compensation in the amount due to them for Plaintiffs' time worked in excess of 40 hours per work week;

    (c) Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

(d) Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation, pursuant to 29 U.S.C. § 216(b);

(e) Awarding Plaintiffs pre-judgment interest; and

(f) Ordering any other further relief that this Court deems just and proper.

## COUNT IV
## VIOLATION OF 29 U.S.C. § 207 – MINIMUM WAGE
*(as to LUX on behalf of NOA only)*

78. NOA realleges and reavers the Paragraphs 1-13 and 40-56 as if fully set forth herein.

79. During NOA's employment with LUX, NOA worked "off-the-clock" in that her hours were not recorded and they were not paid at all for hours worked over 40 in a work week.

80. NOA was entitled to be paid at least her regularly hourly rate for each hour worked for LUX, in accordance with the FLSA.

81. LUX failed to pay NOA minimum wage for all hours worked as provided for in the FLSA.

82. LUX knew of and/or showed a willful disregard for the provisions of the FLSA, as evidenced by its failure to compensate NOA for all hours worked in a given work week when it knew or should have known such was due.

83. NOA has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

84. NOA is entitled to an award for reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, NOA respectfully request that judgment be entered in her favor against LUX:

(a) Declaring, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

  (b) Awarding NOA overtime compensation in the amount due to her for Plaintiff's time worked in excess of 40 hours per work week;

  (c) Awarding NOA liquidated damages in an amount equal to the overtime award;

  (d) Awarding NOA reasonable attorneys' fees and costs and expenses of this litigation, pursuant to 29 U.S.C. § 216(b);

  (e) Awarding NOA pre-judgment interest; and

  (f) Ordering any other further relief that this Court deems just and proper.

## COUNT V
## WAGES UNDER FLA. STAT. SECTION 448.08.
*(as to the SEDUCTION Defendants on behalf of NOA only)*

85. Plaintiff NOA realleges and incorporates Paragraphs 1-13 and 40-56 as if fully set forth herein.

86. Defendant owes Plaintiff NOA wages for her unpaid, non-discretionary bonus which she was to receive in March 2017.

87. Defendant knowingly and willfully failed to pay Plaintiff her wages.

88. As a direct and proximate result of Defendant's failure to pay NOA her wages for which she is owed, NOA has been damaged.

89. NOA is entitled to an award of attorneys' fees and costs pursuant to Fla. Stat. Section 448.08.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against the SEDUCTION Defendants:

  (a) Awarding unpaid wages;

  (b) Awarding reasonable attorney's fees and costs and expenses of this litigation pursuant to Fla. Stat. Section 448.08. *et. seq.*;

  (c) Awarding pre- and post-judgment interest; and

  (d) Ordering any other and further relief this Court deems to be just and proper.

CASE NO.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all issues so triable contained herein.

Respectfully submitted,

/s/ *Lindsay M. Massillon*
Daniel A. Milian
Fla. Bar No. 74803
Email: dmilian@fowler-white.com

Ana E. Tovar
Fla. Bar No. 1008100
Email: atovar@fowler-white.com

Lindsay M. Massillon
Fla. Bar No. 092098
Email: lmassillon@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201